CHRISTOPHER C. JEW (State Bar No. 302193)
cjew@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone:   +1 213 443 4355
Facsimile:   +1 213 443 4310

Attorneys for Defendant
DAVID RAYMOND DIXON, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN MARIA STARLING DIXON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DAVID RAYMOND DIXON, JR., an individual; and DOES 1-10, <br><br> Defendant. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF ENTIRE ACTION; DEMAND FOR JURY TRIAL** <br><br> Removed from Superior Court of California, Los Angeles County, 21STCV33152 |

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DAVID RAYMOND DIXON, JR. ("Defendant") removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California-Western Division (Los Angeles). This Court has original subject matter jurisdiction of this civil action based on diversity of citizenship under 28 U.S.C. § 1332(a) because there is complete diversity among all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of removal, Defendant further states:

1.     On September 8, 2021, Plaintiff Jaclyn Maria Starling Dixon commenced this action by filing a complaint in the Superior Court of the State of California for Los Angeles County, case number 21STCV33152 against Defendant; and **DOES 1-10**.

2.     Plaintiff claims damages for slander, interference with prospective economic advantage, and invasion of privacy – intrusion into private affairs, with such actions allegedly arising from statements that Defendant made to third parties related to Defendant's reasons for filing for divorce from Plaintiff and the actions by which Defendant allegedly discovered the information supporting those reasons. (Complaint, first-page caption [Exhibit C to Declaration of Christopher Jew ("Jew Decl.")].) Plaintiff seeks compensatory and punitive damages. (Complaint, Prayer for Relief ¶¶ 1-6 [Exhibit C to Jew Decl.].)

3.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and Defendant has satisfied the procedural requirements for removal.

/ / /

/ / /

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

## I.   Removal Is Proper Because This Court Has Original Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   The Amount in Controversy Requirement Is Satisfied

5.     The amount in controversy exceeds $75,000, exclusive of interest and costs. For each "cause of action", as Plaintiff's claims for relief are styled in her state Complaint, Plaintiff's Complaint seeks compensatory damages of at least $500,000. (Complaint, Prayer for Relief ¶¶ 1-6 [Exhibit C to Jew Decl.].)  The amount pled by Plaintiff controls in determining diversity jurisdiction for cases brought in state court, such as this instant action, in which plaintiff has filed any complaint alleging damages in excess of the required federal jurisdictional minimum, unless it appears to a legal certainty that the claim is really for a lesser amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). Here, as there is no suggestion that the claim is really for a lesser amount, the amount pled by Plaintiff - $500,000 - controls.

6.     Plaintiff also seeks punitive damages.  (Civil Case Cover Sheet [Exhibit B to Declaration of Christopher Jew].)  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

7.     Further, there is no burden on the Defendants to present supporting evidence at this point.  A removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).  The notice of removal "need not contain evidentiary submissions."  *Id.* at 1197.  "By design, § 1446(a) tracks the general pleading

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

1  requirement stated in Rule 8(a)," which requires only that the grounds for removal

2  be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

3      8.   While the amount-in-controversy requirement is met, Defendant

4  denies Plaintiff's allegations and disputes that he is liable to Plaintiff for any sum

5  whatsoever.

6  **B.   Complete Diversity of Citizenship Exists Between Plaintiff and**

7  **Defendant**

8      9.   Plaintiff Jaclyn Maria Starling Dixon is a resident and a citizen of the

9  State of California.  For purposes of removal based on diversity of citizenship,

10  Plaintiff's state of residence is presumptively her state of citizenship. *See Bradley*

11  *Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138

12  U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile

13  until facts adduced establish the contrary."); *District of Columbia v. Murphy*, 314

14  U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his

15  domicile until facts adduced establish the contrary."); *Ayala v. Cox Auto., Inc.*, No.

16  CV 16-06341-GHK, 2016 WL 6561284 (C.D. Cal. Nov. 4, 2016).

17      10.   Defendant is not a citizen of the State of California. While the general

18  rule is that one's state of residence is one's state of citizenship, the Complaint's

19  attempt to conflate the two fails because Defendant is an active duty Marine Corps

20  officer who has only ever resided in California while on active duty orders.

21  (Declaration of David R. Dixon ("Dixon Decl."), ¶¶ 2-12.) He has never had any

22  intention of living in California permanently or becoming a citizen of California.

23  (Dixon Decl., ¶ 12.)  "Service personnel are presumed not to acquire a new

24  domicile when they are stationed in a place pursuant to orders; they retain the

25  domicile they had at the time of entry into the services." S*arver v. Chartier*, 813

26  F.3d 891, 898 (9th Cir. 2016) (citation and quotation marks omitted).

27      11.   Defendant is a citizen of the State of Texas. Defendant joined the

28  Marine Corps from Texas, after graduating from Texas A&M University, located in

College Station, Texas. (Dixon Decl., ¶ 4.)  At all times during his military service, his home of record has been in Texas. (Dixon Decl., ¶ 3.)   He is registered to vote in Texas, has always only had a Texas driver's license, was married to Plaintiff in Texas, registered his business and car in Texas, and pays his taxes using his Texas home of record. (Dixon Decl., ¶¶ 6-10.)  Thus, the presumption that Defendant has retained his Texas citizenship is unrebutted. *Cf. Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079 (8th Cir. 2017).

12.   Complete diversity exists among the parties, as follows:

| PARTY | CITIZENSHIP |
|---|---|
| **Plaintiff**<br>JACLYN MARIA STARLING | California |

| | |
|---|---|
| **Defendant**<br>DAVID RAYMOND DIXON, JR. | Texas |

## II.   Defendant Has Satisfied the Other Procedural Requirements for Removal

13.   Defendant was personally served with the Complaint on September 18, 2021. (Dixon Decl., ¶ 13; Proof of Personal Service [Exhibit F to Jew Decl.].) Accordingly, this notice of removal, filed within 30 days of Defendant's receipt of the "service on that defendant of the initial pleading or summons," is timely pursuant to 28 U.S.C. §1446(b)(2)(b).

14.   Further, this notice of removal is also compliant with 28 U.S.C. §1446(c), because it is filed less than 1 year after the commencement of the action (the action was commenced on September 8, 2021).

15.   Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California-Western Division (Los Angeles), because this district and division embrace the place in which the removed action has been pending (*i.e.*, the Superior Court of California for Los Angeles County).

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

16. No previous applications have been made for the relief requested herein.

17. There are no other Defendants currently in this action, other than the Defendant, so the requirement that all Defendants consent to the removal is satisfied under 28 U.S.C. § 1446(b)(2)(A).

18. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendant, including the following:

    i. Summons – 09/08/21 (Exhibit A to Declaration of Christopher Jew)

    ii. Civil Case Cover Sheet – 09/08/21 (Exhibit B to Declaration of Christopher Jew)

    iii. Complaint – 09/08/21 (Exhibit C to Declaration of Christopher Jew)

    iv. Notice of Case Assignment – Unlimited Civil Case - 09/08/21 (Exhibit D to Declaration of Christopher Jew)

    v. Notice of Case Management Conference - 09/09/21(Exhibit E to Declaration of Christopher Jew)

    vi. Proof of Personal Service – 09/28/2021 (Exhibit F to Declaration of Christopher Jew)

    vii. Defendant's Answer – 10/15/21 (Exhibit G to Declaration of Christopher Jew)

19. The Defendant will promptly give written notice to Plaintiff of the filing of this notice of removal, as required by 28 U.S.C. § 1446(d).

20. Defendant will promptly file a copy of this notice of removal with the clerk of the Superior Court of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

21. By removing this action to this Court, the Defendant does not waive any defenses, objections, or motions available under state or federal law.

22. If any question arises as to the propriety of removing this action, Defendant respectfully requests notice and the opportunity to conduct discovery, to

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

1  brief any disputed issues, and to present oral argument in support of his position

2  that this case is removable and properly removed.

3

4       WHEREFORE, Defendant gives notice that this entire action, currently

5  pending in the Superior Court of the State of California, County of Los Angeles,

6  number 21STCV33152, is removed to this Court pursuant to 28 U.S.C. §§ 1441 *et*

7  *seq.* Defendant requests that this Court retain jurisdiction for all further

8  proceedings in this matter.

9  Dated:  October 18, 2021                    KING & SPALDING LLP

10

11  By:      CHRISTOPHER C. JEW

12                                             Attorneys for Defendant
                                               DAVID RAYMOND DIXON, JR.
13

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

1

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury in this action.

Dated:  October 18, 2021

KING & SPALDING LLP

By: _____
CHRISTOPHER C. JEW

Attorneys for Defendant
DAVID RAYMOND DIXON, JR.

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing was served by email and by U.S. Mail, postage prepaid, this 18th day of October 2021, on the following:

Andrew B. Brettler
Jake A. Camara
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, Califomia 90067-2906
Tel:   (310) 556-3501
Fax:  (310) 556-3615
Email:   abrettler@lavelysinger.com
          jcamara@lavelysinger.com

*Attorneys for Plaintiff*
*JACLYN MARIA STARLING DIXON*

Ann Kurke

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071