1  CHRISTOPHER C. JEW (State Bar No. 302193)
   cjew@kslaw.com
2  **KING & SPALDING LLP**
   633 West Fifth Street
3  Suite 1600
   Los Angeles, CA 90071
4  Telephone:   +1 213 443 4355
   Facsimile:   +1 213 443 4310
5
   Attorneys for Defendant
6  DAVID RAYMOND DIXON, JR.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 JACLYN MARIA STARLING            Case No.
   DIXON, an individual,
12                 Plaintiff,
                                    **DECLARATION OF CHRISTOPHER**
13    v.                            **JEW IN SUPPORT OF NOTICE OF**
                                    **REMOVAL OF ENTIRE ACTION;**
14 DAVID RAYMOND DIXON, JR.,        **DEMAND FOR JURY TRIAL**
   an individual; and DOES 1-10,
15                                  Removed from Superior Court of
                 Defendant.        California, Los Angeles County,
16                                  21STCV33152
17

18

19

20

21

22

23

24

25

26

27

28

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

## DECLARATION OF CHRISTOPHER JEW

I, Christopher Jew, state and declare as follows:

1.     I am an attorney at law duly licensed to practice before all courts of the States of California. I am employed with the law firm of King & Spalding LLP, attorneys of record for David Raymond Dixon, Jr. in this matter. I have personal knowledge of the following facts and, if called as a witness, could and would competently testify to the matters stated herein.

2.     I submit this declaration in support of Defendant's Notice of Removal of Entire Action; Demand for Jury Trial.

3.     Attached hereto as **Exhibit A** is a true and correct copy of the Summons in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

4.     Attached hereto as **Exhibit B** is a true and correct copy of the Civil Case Cover Sheet in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

5.     Attached hereto as **Exhibit C** is a true and correct copy of the Complaint in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

6.     Attached hereto as **Exhibit D** is a true and correct copy of the document called "Notice of Case Assignment – Unlimited Civil Case" in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

7.     Attached hereto as **Exhibit E** is a true and correct copy of the September 9, 2021, Notice of Case Management Conference in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

8.     Attached hereto as **Exhibit F** is a true and correct copy of the Proof of Personal Service on Defendant in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

9.     Attached hereto as **Exhibit G** is a true and correct copy of Defendant's Answer in the matter being heard in the Superior Court of California, Los Angeles County (21STCV33152).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed on October 18, 2021 at Los Angeles, California.

CHRISTOPHER C. JEW

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

DECLARATION OF CHRISTOPHER JEW IN SUPPORT OF NOTICE OF REMOVAL OF ENTIRE ACTION; DEMAND FOR JURY TRIAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2021 03:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV33152

|  | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DAVID RAYMOND DIXON, JR., an individual; and Does 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACLYN MARIA STARLING DIXON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court – Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso)*<br>**21STCV33152** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew B. Brettler (SBN 262928) / Jake A. Camara (SBN 305780)
Lavely & Singer PC, 2049 Century Park East, Suite 2400, Los Angeles, CA 90067          (310) 556-3501

| DATE:<br>*(Fecha)* | 09/08/2021 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>C. Monroe | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | | Page 1 of 1 |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2021 03:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Monroe, Deputy Clerk

21STCV33152

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew B. Brettler / Jake A. Camara        SBN: 262928 / 305780 <br> Lavely & Singer PC <br> 2049 Century Park East, Suite 2400, Los Angeles, CA 90067 <br> TELEPHONE NO.:(310) 556-3501        FAX NO.:(310) 556-3615 <br> ATTORNEY FOR *(Name):* Plaintiff Jaclyn Maria Starling Dixon | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Jaclyn Maria Starling Dixon v. David Raymond Dixon, Jr.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 21STCV33152 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[X] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify):*(3) Slander, Interference w/prospective economic advantage; Invasion of Privacy
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2021

Jake A. Camara                                    ▶ s/ Jake A. Camara
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2021 03:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Case 2:21-cv-08257-RGK-SHK   Document 3   Filed 10/18/21   Page 9 of 36   Page ID #:56

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

ANDREW B. BRETTLER (SBN 262928)
abrettler@lavelysinger.com
JAKE A. CAMARA (SBN 305780)
jcamara@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone:    (310) 556-3501
Facsimile:    (310) 556-3615

Attorneys for Plaintiff
JACLYN MARIA STARLING DIXON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JACLYN MARIA STARLING DIXON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RAYMOND DIXON, JR., an individual; and Does 1-10,<br><br>Defendants. | CASE NO.  21STCV33152<br><br>COMPLAINT FOR:<br><br>1) SLANDER;<br>2) INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; and<br>3) INVASION OF PRIVACY – INTRUSION INTO PRIVATE AFFAIRS<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff JACLYN MARIA STARLING DIXON ("Jackie" or "Plaintiff"), by and through her undersigned counsel, brings this Complaint against Defendant DAVID RAYMOND DIXON, JR. ("David" or "Defendant"), as follows:

7153-2

COMPLAINT

## INTRODUCTION

1.      Lieutenant Colonel David Raymond Dixon, Jr. is no hero. While feigning a public image as a Christian "family man," an upstanding leader in the military, and an author of children's books, David's behavior in his private circles and behind closed doors has been nothing short of a living nightmare for his estranged wife, Plaintiff Jackie Dixon. David has spent the better part of the last two years quietly engaging in a malicious smear campaign directed at Jackie, the mother of his two children, with the sole objective of humiliating her, destroying her business, and ruining her life. Enough is enough.

2.      In reality, David is a violent, controlling, and emotionally abusive husband. When Jackie and David's marriage began to fall apart, David began his scheme of telling defamatory lies, disparaging Jackie's character and destroying her business, all with the intention of discrediting Jackie and fostering his own military career and future political aspirations. Of course, if the public were aware of David's despicable behavior, any hopes of a future in the highest echelons of the Marine Corps or in political office would be destroyed. David could not let this happen, and he was willing to say or do anything to prevent it.

3.      Prior to filing for divorce in January of 2020, and unbeknownst to Jackie, David began tracking Jackie's phone, accessing her electronic communications and social media, taking screenshots of her text messages, and taking photographs of her diaries – desperately trying to uncover anything that David could use to publicly humiliate and discredit her. Of course, David found nothing incriminating in even her most private written reflections and communications. However, David would not stop there.

4.      Previously unbeknownst to Jackie, beginning in the Fall of 2019, and continuing to this day, David has spun a web of false and malicious lies about Jackie, hoping to ruin her business, her personal life, and her reputation. David started by concocting a false story that Jackie was having sex with another man. David further stated that Jackie was traveling with the children to have one-night sexual encounters. As if that were not enough, David also spread false rumors that Jackie intended to kidnap her own children and illegally transport them to France. Further, David told friends, business associates, mentors, co-workers and potential investors that Jackie was posting

1   lewd sexual videos and photographs online, and that she practiced witchcraft. Additionally, David

2   falsely stated that Jackie's alleged behavior meant she was not qualified to conduct the type of

3   Christian coaching services that she provided.

4        5.    David's defamatory statements are patently absurd and provably false. David fully

5   knew that such outrageous accusations would have a devastating effect on Jackie's reputation and

6   career, a career that centered around faith, Christian values and empowering Christian women. And

7   David was correct. He got exactly what he wanted. Since David's despicable campaign of lies and

8   tortious interference with Jackie's career, Jackie's business as a renowned Christian author, speaker,

9   and life-coach has ground to a halt – she has lost financial investments in her company, she has lost

10  credibility in her trade and profession, and she has endured incalculable harm to her personal and

11  professional reputation. Jackie is left with no choice other than to seek relief in this Court and set

12  the record straight.

13  **<u>PARTIES</u>**

14       6.    Plaintiff Jackie Dixon is an individual who resides in California in the Los Angeles

15  area and regularly conducts business in the County of Los Angeles and in the State of California.

16       7.    Defendant David Raymond Dixon, Jr. is an individual who at all relevant times

17  hereto was a resident of the State of California and committed some or all of the wrongful acts

18  alleged herein in California. Plaintiff further alleges on information and belief that Defendant

19  purposefully and specifically targeted Plaintiff, known to reside and work in the Los Angeles area,

20  California, and purposefully directed his wrongful acts alleged herein toward Plaintiff in Los

21  Angeles, California. Plaintiff further alleges, on information and belief, that Defendant engaged in

22  tortious conduct which has had an effect in the County of Los Angeles and in the State of

23  California.

24       8.    The true names and capacities of Does 1-10, inclusive, whether individual, corporate

25  or otherwise are presently unknown to Plaintiff, who therefore sues said Defendants by such

26  fictitious names and will amend this complaint to allege their true names and capacities when the

27  same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the

28  fictitiously named Defendants is responsible in some manner for the occurrences herein alleged.

9.      Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Defendants acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is informed and believes, and on that basis alleges that Defendants formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     Jackie is an author, speaker, and life-coach with a significant following in the Christian community. Jackie focuses her work within the Christian faith and has dedicated her life to the empowerment of women and navigating the challenges of marriage, body image, and intimacy. Jackie has spoken at conferences around the world and has mentored thousands of Christian women along the way. Unfortunately, David's despicable behavior has brought Jackie's career, business, and life's passion to a screeching halt.

12.     Defendant David Dixon is a lieutenant colonel in the United States Marine Corps, with plans to enter politics after retirement from the military. David and Jackie met in August 2011 and married one year later in August 2012. David is eight years older than Jackie. Soon after marriage, Jackie was exposed to David's anger, rage, and violence. David would routinely scream at Jackie over trivial occurrences, throw phones and laptops across the room, ram holes in the wall, and destroy furniture. Shortly after their honeymoon, while David was in bed, Jackie was unable to sleep and decided to take a shower around midnight. Enraged that the sound of the running water

had woken him up, David jumped out of bed, charged into the bathroom, beat the shower curtain with a large object and violently ripped the shower curtain to the side, charging at Jackie with one hand outstretched toward her neck, stopping just short of choking her. Jackie was shaken and terrified of David and later ran back into bed so as not to further disturb him. This was only the beginning.

13.     Similar violent and aggressive incidents occurred repeatedly and often throughout their marriage. The abuse began to escalate and affect the children in the fall of 2019. For example, on September 16, 2019, while picking up Jackie and their two children from the airport in Las Vegas, David learned that he was passed over for a command position in the Marine Corps, and that he would not be considered as an alternate for any command position. David received the news on his phone just before driving Jackie and the children home. While driving on the highway, David spun into an uncontrollable rage, driving recklessly, pounding the steering wheel and screaming at the top of his lungs. Jackie and the children were terrified.

14.     When they got home, David continued his violent rampage in front of Jackie and their son. David picked up a bookcase and repeatedly rammed it into the wall, shattering it to pieces and ripping holes through the drywall. Later that evening, David repeatedly kicked the baby-gate at the foot of the stairs and broke it out of its anchors to the wall. By that time, the couple's children were crying in fear.

15.     David's behavior only became more alarming after that violent incident. On multiple occasions, David told Jackie that he did not like kids and wished they were not around so that he could enjoy his life. On one occasion, he screamed at the children, "I hate you, I hate babies, I hate children." By the end of 2019, the children started to run and hide behind Jackie when they sensed David getting angry.

16.     By the fall of 2019, Jackie knew she had to get out of the marriage. David could sense that Jackie was planning to leave him, and, at or around the same time, David secretly began preparing for a divorce. David began tracking Jackie's whereabouts and correspondence by hacking into her phone, accessing her electronic communications and social media, taking screenshots of her text messages, and taking photographs of her diaries. David then began secretly moving assets and

emptied their joint bank accounts. In October 2019, David informed her that he had moved all of the family's money from the Navy Federal accounts to other banks, cut off Jackie's family PayPal access and canceled all of her family credit cards so she could not pay bills, and changed passwords and redirected correspondence so she would not know if bills setup in her name were unpaid with penalties accruing.

17. David then provided Jackie with one debit card to use for herself and the children, giving himself complete financial control over her. If Jackie made David angry, David would simply empty the checking account. David's abusive conduct only worsened from there.

18. Unbeknownst to Jackie, David simultaneously had begun his scheme of spinning defamatory lies about Jackie, for the sole purpose of destroying her reputation and career, while ensuring that his future military and political aspirations would not be disrupted.

19. Beginning in November 2018, Jackie and David's mutual friend, Jon Venverloh, reached out to Jackie and David and stated that he was impressed with Jackie's online business and her mission to empower Christian women and strengthen Christian marriages. Mr. Venverloh is an investor, advisor, and former executive at Google. At Mr. Venverloh's request in November 2018, Jackie sent his wife, Mehridith Venverloh, a beta version of her "O Class" course to review. Mr. Venverloh loved Jackie's mission and purpose. After multiple discussions and ongoing mentorship, on November 19, 2019, Mr. Venverloh offered to invest significant sums of money into Jackie's business. Jackie was ecstatic. Of course, given the then-current state of their marriage, David could not let that happen.

20. Suddenly, in the months following Jackie's discussions with Mr. Venverloh, Jackie received no more responses from him. Jackie was surprised by this, as Mr. Venverloh had conveyed his enthusiasm and intent to invest in Jackie's business just a couple of weeks earlier.

21. Unbeknownst to Jackie, David began spreading defamatory lies about Jackie to Mr. Venverloh and other friends and co-workers. In or around late November and December of 2019, David began communicating with Mr. Venverloh without Jackie's knowledge, with the intent of destroying their business relationship and harming Jackie's good reputation. Specifically, David falsely accused Jackie of despicable and criminal behavior, including that Jackie was having sex

1  with a man named Louis Agon outside of their marriage, that Jackie traveled with the children to

2  meet Mr. Agon for one-night sexual encounters, and that Jackie was planning to and actually

3  attempting to abduct her own children and transport them to France to live with Mr. Agon.

4        22.    Based on information and belief, David also falsely accused Jackie of posting lewd

5  sexual photographs and videos on the Internet, including on YouTube and other social media

6  websites. David further falsely accused Jackie of engaging in "witchcraft" and proclaimed that

7  Jackie was not qualified to conduct the type of Christian coaching services that she provided.

8        23.    David's statements are patently false. Jackie never had an affair with Louis Agon, or

9  anyone else. Jackie and Mr. Agon attended college together. They never dated, and Jackie has not

10  seen Mr. Agon in over ten years. Jackie never traveled with her children to meet Mr. Agon for any

11  reason, and Jackie certainly never planned to abduct her own children and/or transport them to

12  France to be with Mr. Agon.

13        24.    Further, Jackie has never posted lewd or sexual photographs or videos of any kind on

14  the internet. Nor has Jackie practiced "witchcraft."

15        25.    Based on information and belief, David spread these false and defamatory lies to

16  countless others, including to his family members, friends, mentors, and co-workers, among others.

17  David knew, given the nature of Jackie's work with Christian families, that such statements would

18  have disastrous effects on both her personal and business reputations and would negatively impact

19  her career – and he was right.

20        26.    The couple filed for divorce on January 2, 2020. On September 10, 2020, Jackie first

21  discovered David's defamatory statements after receiving a document production in connection with

22  the parties' divorce proceedings. In that document production, Jackie first learned that David had

23  been spreading defamatory lies to Mr. Venverloh and other friends, acquaintances, co-workers, and

24  business contacts. Indeed, the document production contained letters from Mr. Venverloh and others

25  stating that they were horrified by David's previous statements that Jackie was having an affair and

26  had planned to abduct her own children. These false and defamatory statements complained of

27  herein, were first discovered by Jackie on September 10, 2020, and were not known to Jackie, nor

28  could have been discovered by Jackie, until that time in which they were lawfully produced to her in

the divorce proceedings. To that end, Jackie has been left no choice but to seek redress with this Court in order to clear her good name and expose David for his despicable lies and deceit.

**FIRST CAUSE OF ACTION**

**(Slander)**

27.     Plaintiff repeats and realleges each paragraph of this Complaint as if fully set forth herein.

28.     Plaintiff alleges on information and belief that Defendant published and disseminated the aforementioned outrageous false statements to third parties, including the following: 1) that Jackie was having an affair with Louis Agon; 2) that Jackie traveled with her children to have one-night sexual encounters with Mr. Agon, 3) that Jackie planned to and was attempting to abduct her own children and flee the country to live with Mr. Agon in France, 4) that Jackie posted lewd, sexual and pornographic videos online, 5) that Jackie practices in witchcraft, and 6) that Jackie was not qualified to conduct the type of coaching services that she provided in the course of her business.

29.     Each of the foregoing statements by Defendant is absolutely false.

30.     Plaintiff further alleges on information and belief that the aforesaid false statements were unprivileged, and that Defendant knew, or recklessly disregarded the fact that, the aforementioned false statements were intended to damage the reputation and standing of Plaintiff and cause damage to her professional and personal reputation and standing in the community.

31.     The false statements exposed Plaintiff to hatred, contempt, ridicule and obloquy, and caused her to be shunned and avoided by third parties, thereby injuring Plaintiff in her personal and professional life.

32.     The false statements were and are defamatory on their face, since they falsely and maliciously portray Plaintiff as engaging in criminal conduct, including by allegedly planning to abduct and kidnap her own children and transport them out of the country, and also falsely impute to her general disqualification in respect to her business.  The false statements are susceptible of a defamatory meaning on their face in that they have a direct tendency to injure Plaintiff with respect to her reputation, character, trade and business.

33.    As a direct and proximate result of the aforementioned acts by Defendant, Plaintiff has suffered general and special damages well in excess of $500,000, the exact amount subject to proof at the time of trial.

34.    Plaintiff is informed and believes and based thereon alleges that the aforementioned acts of Defendant were done intentionally and/or with a conscious and reckless disregard of the truth and of Plaintiff's rights, and with the intent to vex, injure or annoy her, such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant, and to deter such conduct in the future, the exact amount of such damages subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Interference With Prospective Economic Advantage)

35.    Plaintiff repeats and realleges each paragraph of this Complaint as if fully set forth herein.

36.    In November 2019, an economic relationship existed between Plaintiff and Jon Venverloh, who is an investor, advisor, and former executive at Google, with the probability of substantial future economic benefit to Plaintiff. Mr. Venverloh indicated to both Plaintiff and Defendant that he was interested in investing significant sums of money into Plaintiff's business. Both Plaintiff and Defendant had numerous meetings, text messages, and phone calls with Mr. Venverloh discussing the proposal.

37.    Plaintiff is informed and believes and based thereon alleges that Defendant had knowledge of the economic relationship between Plaintiff and Mr. Venverloh because Mr. Venverloh had reached out to both Plaintiff and Defendant for the specific purpose of seeking investment in Plaintiff's business.

38.    Notwithstanding Defendant's knowledge of Plaintiff's relationship with Mr. Venverloh, and unbeknownst to Plaintiff, in or around November and December of 2019, Defendant attempted to dissuade Mr. Venverloh from investing in Plaintiff's business, including by falsely stating that Plaintiff was having sex with Louis Agon, that Plaintiff traveled with her children to have sex with Mr. Agon, and that Plaintiff had devised a plan to abduct her children and run off to

France to be with Mr. Agon. Plaintiff is informed and believes that Defendant also falsely stated that Plaintiff was posting lewd sexual videos on the internet, that Plaintiff was practicing witchcraft, and that she was not qualified to conduct the type of Christian coaching services that she provided.

39.     Defendant's acts are independently wrongful in that they constitute defamation under common law and in violation of California Civil Code section 46.

40.     After hearing Defendant's false and malicious lies, Mr. Venverloh cut off all contact with Plaintiff and made the decision not to work with Plaintiff and withdrew his offer of investment.

41.     By lying to Mr. Venverloh, and defaming Plaintiff, Defendant has intentionally and tortiously interfered with Plaintiff's prospective economic relationship with Mr. Venverloh.

42.      As a direct and proximate result of Defendant's intentional interference with Plaintiff's prospective economic relationships, Plaintiff has been damaged in an amount not fully ascertainable, but believed to be in excess of $500,000.  When Plaintiff has ascertained the full amount of her damages, she will seek leave of Court to amend this Complaint accordingly.

43.     As a further direct and proximate result of Defendant's intentional interference with Plaintiff's prospective economic relationships, Plaintiff has suffered severe mental and emotional pain, physical pain, suffering, anxiety, nervousness, insomnia, and other mental distress with severe physical manifestations, all to his damage in a sum according to proof.

44.     Plaintiff is informed and believes and based thereon alleges that Defendant, in doing the things herein alleged acted willfully, maliciously, oppressively and despicably with full knowledge of the adverse effects of his actions on Plaintiff, and with willful and deliberate disregard of the consequences to Plaintiff.  As a direct result of the willful, deliberate and malicious conduct of Defendant, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined at the time of trial.

**THIRD CAUSE OF ACTION**

**(Invasion of Privacy - Intrusion Into Private Affairs)**

45.     Plaintiff repeats and realleges each paragraph of this Complaint as if fully set forth herein.

46.     Article I, Section 1, of the California Constitution guarantees every California citizen the right to privacy. Article I, Section 1, is applicable to private parties, including the individual Defendant as alleged herein.  Furthermore, California recognizes a common law tort of invasion of privacy prohibiting, among other things, intrusion upon seclusion.

47.     As alleged above, in November and December of 2019, by hacking into Plaintiff's cellular phone, accessing Plaintiff's electronic communications and social media, taking screenshots of Plaintiff's private text messages, and taking photographs of her private diary entries, Defendant invaded Plaintiff's personal and private space.  Defendant's intrusion into and exploitation of Plaintiff's personal information was a direct intrusion of a private nature into Plaintiff's seclusion, solitude, private affairs and concerns.

48.     The aforementioned intrusions by Defendant were intentional, with the purpose of intruding upon Plaintiff's privacy, and were conducted in a manner that would be highly offensive and objectionable to a reasonable person.

49.     Plaintiff enjoyed a reasonable expectation of privacy with regards to her private communications, her cellular phone, her private social media messages, and her diary entries. Plaintiff expected that such information was private and would not be accessed or otherwise exploited by Defendant.

50.     As a direct and proximate result of Defendant's intrusion into Plaintiff's private affairs, Plaintiff has been damaged in an amount not fully ascertainable, but believed to be in excess of $500,000.  When Plaintiff has ascertained the full amount of her damages, she will seek leave of Court to amend this Complaint accordingly.

51.     As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

52.     Plaintiff is informed and believes and based thereon alleges that Defendant, in doing the things herein alleged acted willfully, maliciously, oppressively and despicably with full

knowledge of the adverse effects of his actions on Plaintiff, and with willful and deliberate disregard of the consequences to Plaintiff.  As a direct result of the willful, deliberate and malicious conduct of Defendant, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined at the time of trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests relief on the causes of action alleged in this Complaint as follows:

**As to the First Cause of Action:**

1.      Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $500,000.

2.      Punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future.  The exact amount of such damages shall be subject to proof at the time of trial.

**As to the Second Cause of Action:**

3.      Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $500,000.

4.      Punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future.  The exact amount of such damages shall be subject to proof at the time of trial.

**As to the Third Cause of Action:**

5.      Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $500,000.

6.      Punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future.  The exact amount of such damages shall be subject to proof at the time of trial.

**As to All Causes of Action:**

7.      Costs of suit incurred herein;

8.      Interest at the maximum legal rate; and

1    9.      Such other and further relief as the Court may deem just and proper.

2

3

Dated:  September 8, 2021                         LAVELY & SINGER, P.C.

4                                                ANDREW B. BRETTLER
                                                 JAKE A. CAMARA
5

6                                                By:    s/ Jake A. Camara

7                                                      JAKE A. CAMARA
                                                 Attorneys for Plaintiff JACLYN MARIA
8                                                STARLING DIXON.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff JACLYN MARIA STARLING DIXON hereby demands a trial by jury.

3

4    Dated:  September 8, 2021                    LAVELY & SINGER, P.C.
                                                 ANDREW B. BRETTLER
5                                                JAKE A. CAMARA

6

7                                                By:   _s/ Jake A. Camara_____
                                                      JAKE A. CAMARA
8                                                Attorneys for Plaintiff JACLYN MARIA
                                                 STARLING DIXON.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/08/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV33152 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maureen  Duffy-Lewis | 38 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/08/2021
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/09/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____R. Lomeli_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
JACLYN MARIA STARLING DIXON

DEFENDANT:
DAVID RAYMOND DIXON, Jr.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV33152

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/03/2022 | Time: 8:30 AM | Dept.: 38 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___09/09/2021___

_____Maureen Duffy-Lewis / Judge_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

ANDREW B BRETTLER
2049 CENTURY PARK EAST SUITE
2400

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___09/09/2021___

By __R. Lomeli__
Deputy Clerk

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

EXHIBIT F

Electronically FILED by Superior Court of California, County of Los Angeles on 09/28/2021 04:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>ANDREW B. BRETTLER \| SBN: 262928<br>LAVELY & SINGER, PC<br>2049 CENTURY PARK EAST, SUITE 2400<br>LOS ANGELES, CA 90067<br>TELEPHONE NO.: (310) 556-3501 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF: | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 NORTH HILL STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE |

| | |
|---|---|
| PLAINTIFF/PETITIONER: JACLYN MARIA STARLING DIXON, an individual<br>DEFENDANT/RESPONDENT: DAVID RAYMOND DIXON, JR., an individual | CASE NUMBER:<br>21STCV33152 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>7153-2 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☒ other *(specify documents)*: CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION

3. a. Party served *(specify name of party as shown on documents served)*:
   **DAVID RAYMOND DIXON, JR., an individual**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: **3936 NORTH UPLAND STREET**
   **ARLINGTON, VA 22207**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 09/18/2021 (2) at *(time):* 11:12 am

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/32114264 |

PETITIONER:  JACLYN MARIA STARLING DIXON, an individual

RESPONDENT:  DAVID RAYMOND DIXON, JR., an individual

| CASE NUMBER: |
|---|
| 21STCV33152 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from  *(city):*

    (3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.
b. ☐ as the person sued under the fictitious name of  *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of  *(specify):*

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                   ☐ other:

7. **Person who served papers**
   a. Name:  **SCOTT TILLES C/O ASAP Legal, LLC**
   b. Address:  **404 West 4th St., Suite B  Santa Ana, CA 92701**
   c. Telephone number:  **(714) 543-5100**
   d. **The fee** for service was:
   e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner    ☐ employee    ☐ **independent contractor.**
      (ii) Registration No.:
      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **09/24/2021**

**ASAP Legal, LLC**
**404 West 4th St., Suite B**
**Santa Ana, CA 92701**
**(714) 543-5100**
**www.legalsolutionasap.com**

| **SCOTT TILLES** | ▶ | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles on 10/15/2021 10:05 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1 | CHRISTOPHER C. JEW (State Bar No.302193)
cjew@kslaw.com

2 | **KING & SPALDING LLP**
633 West Fifth Street

3 | Suite 1600
Los Angeles, CA 90071

4 | Telephone:     +1 213 443 4355
Facsimile:      +1 213 443 4310

5 |

6 | Attorneys for Defendant
DAVID RAYMOND DIXON, JR.

7 |

8 |

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11 | JACLYN MARIA STARLING DIXON, | Case No. 21STCV33152
an individual,

12 |

13 | Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

14 | v.

15 | DAVID RAYMOND DIXON, JR., an
individual; and DOES 1-10, | Complaint Filed:     September 8, 2021

16 | Defendant.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

1    Defendant, David Raymond Dixon, Jr. ("David" or "Defendant"), by Counsel, answers the

2    Complaint ("Complaint") filed by Plaintiff Jaclyn Maria Starling Dixon ("Plaintiff") herein as

3    follows:

4                                    **GENERAL DENIAL**

5    Pursuant to California Code of Civil Procedure section 431.30 (d), Defendants generally

6    denies each and every allegation and purported cause of action contained in Plaintiff's Complaint.

7    Defendant generally and specifically denies that Plaintiff has sustained, or will sustain, any

8    damage or loss by reason of any act or omission on the part of Defendant.  Defendants generally

9    and specifically denies that Plaintiff is entitled to her requested relief, or to any relief whatsoever.

10   Thus, Defendant generally and specifically dnies that he is liable to Plaintiff for any amount.

11                                 **AFFIRMATIVE DEFENSES**

12   Without waiving or excusing Plaintiff's burden of proof or production or admitting that

13   Defendant has any burden of proof or production as to any matter alleged below, Defendant

14   hereby asserts the following affirmative defenses.  Insofar as any of the following expresses

15   denial of an element of any claim alleged by Plaintiff, such expression is in no way intended as a

16   concession that Plaintiff is relieved of her burden to prove each and every element of any such

17   claim.  Defendant does not assume the burden on any matter that is not adjudged to be an

18   affirmative defense whether listed here or not.

19                              **FIRST AFFIRMATIVE DEFENSE**

20                                       **(Truth)**

21   The statements or representations made by Defendant alleged in the complaint were true

22   when made, or substantially true.

23                             **SECOND AFFIRMATIVE DEFENSE**

24                                      **(Opinion)**

25   The statements or representations made by Defendant alleged in the complaint were non-

26   actionable opinions.

27   / / /

28   / / /

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred from seeking the relief set forth in the Complaint due to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Incorrect Amount Demanded)

Plaintiff is barred from seeking the relief set forth in the Complaint because Plaintiff is not legally or factually entitled to the amounts that she demanded in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiff is barred from seeking the relief set forth in the Complaint due to the doctrine of res judicata.

### SIXTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

Plaintiff is barred from seeking the relief set forth in the Complaint due to the doctrine of collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff is barred from seeking the relief in the Complaint because the actions of Defendant alleged therein were consented to by Plaintiff, or Defendant reasonably believed that Plaintiff had consented thereto.

### EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiff is barred from seeking the relief set forth in the Complaint because any invasion of privacy was justified, including but limited to, by an important or legitimate interest.

/ / /

/ / /

/ / /

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINTH AFFIRMATIVE DEFENSE

### (Privilege to Protect Own Financial Interest)

Plaintiff is barred from seeking the relief set forth in the Complaint because Defendant acted only to protect his legitimate financial interests.

Dated:  October 15, 2021

KING & SPALDING LLP

By:  _____
     CHRISTOPHER C. JEW

Attorneys for Defendant
DAVID RAYMOND DIXON, JR.

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

## PROOF OF SERVICE

*Jaclyn Dixon v. David Dixon, Jr.* - Case No. 21STCV33152

I, the undersigned, declare:  I am a citizen of the United States, over 18 years of age and not a party to the within action.  I am employed in the County of Los Angeles; my business address is 633 W. 5th Street, Suite 1600, Los Angeles, CA 90071.

On the date specified below, I served a copy of the foregoing document described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action:

| | |
|---|---|
| Andrew B. Brettler<br>Jake A. Camara<br>**LAVELY & SINGER**<br>  **PROFESSIONAL CORPORATION**<br>2049 Century Park East, Suite 2400<br>Los Angeles, Califomia 90067-2906<br>Tel:   (310) 556-3501<br>Fax:  (310) 556-3615<br>Email:    abrettler@layelystnger.com<br>            jcamara@layelysinger.com | *Attorneys for Plaintiff*<br>*JACLYN MARIA STARLING DIXON* |

☑   **BY U.S. MAIL:**  I am personally and readily familiar with the business practice of King & Spalding LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☑   **BY ELECTRONIC SERVICE:**  By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 15, 2021, at Los Angeles, California.

_____
Ann Kurke

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing was served by email and by U.S. Mail, postage prepaid, this 18th day of October 2021, on the following:

| | |
|---|---|
| Andrew B. Brettler | *Attorneys for Plaintiff* |
| Jake A. Camara | *JACLYN MARIA STARLING DIXON* |
| **LAVELY & SINGER** | |
| **PROFESSIONAL** | |
| **CORPORATION** | |
| 2049 Century Park East, Suite 2400 | |
| Los Angeles, Califomia 90067-2906 | |
| Tel:  (310) 556-3501 | |
| Fax:  (310) 556-3615 | |
| Email:     abrettler@lavelysinger.com | |
| jcamara@lavelysinger.com | |

Ann Kurke

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

DECLARATION OF CHRISTOPHER JEW IN SUPPORT OF NOTICE OF REMOVAL OF ENTIRE ACTION; DEMAND FOR JURY TRIAL