ANDREW B. BRETTLER (SBN 262928)
abrettler@lavelysinger.com
JAKE A. CAMARA (SBN 305780)
jcamara@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Plaintiff
JACLYN MARIA STARLING DIXON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACLYN MARIA STARLING DIXON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RAYMOND DIXON, JR., an individual; and Does 1-10,<br><br>Defendants. | CASE NO. 2:21-CV-08257-FWS-SHK<br><br>**JOINT CASE MANAGEMENT STATEMENT IN RESPONSE TO THE COURT'S APRIL 27, 2022 REASSIGNMENT ORDER** |

7153-2

JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's February 27, 2022 Reassignment Order, Plaintiff JACLYN MARIA STARLING DIXON ("Plaintiff") and Defendant DAVID RAYMOND DIXON ("Defendant") hereby submit this joint case management statement addressing the information ordered by the Court:

## I. The Date the Case was Filed:

September 8, 2021.

## II. A List or Description of Each Party

Plaintiff: Jaclyn Maria Starling Dixon

Defendant: David Raymond Dixon, Jr.

## III. A Summary of All Claims, Counterclaims, Crossclaims, Or Third Party Claims

First Claim for Relief: Slander

Second Claim for Relief: Interference with Prospective Economic Advantage

Third Claim for Relief: Invasion of Privacy – Intrusion Into Private Affairs

## IV. A Brief Description of the Events Underlying the Action

### Plaintiff's Position

This action arises out of the malicious actions of Plaintiff's estranged husband, Defendant David Dixon. Plaintiff is an author, speaker, and life-coach with a significant following in the Christian community. Plaintiff focuses her work within the Christian faith and has dedicated her life to the empowerment of women and navigating the challenges of marriage, body image, and intimacy. Plaintiff has spoken at conferences around the world and has mentored thousands of Christian women.

After enduring Defendant's abuse for years, beginning in the Fall of 2019, and continuing to this day, Defendant engaged in a public smear campaign against Plaintiff, hoping to ruin her business, her personal life, and her reputation. Defendant started by concocting a false story that Jackie was having sex with another man during their marriage. Defendant further stated to third parties that

1  Plaintiff was traveling with the children to have one-night sexual encounters.
2  Defendant also spread false rumors that Plaintiff intended to kidnap her own
3  children and illegally transport them to France. Defendant further told friends,
4  business associates, mentors, co-workers and potential investors that Plaintiff was
5  posting lewd sexual videos and photographs online, and that she practiced
6  witchcraft. Also, Defendant falsely stated to third parties that Plaintiff's alleged
7  behavior meant she was not qualified to conduct the type of Christian coaching
8  services that she provided. Defendant's actions constitute defamation *per se*.
9        In December 2019, Defendant intentionally interfered with her business
10 relationships. Specifically, Defendant began covertly communicating with Mr. Jon
11 Venverloh, who had planned to invest significant sums of money into Plaintiff's
12 business. Defendant began spreading defamatory lies about Jackie to Mr. Venverloh
13 and other friends and co-workers. Specifically, Defendant falsely accused Plaintiff
14 of despicable and criminal behavior, including that Plaintiff was having sex with a
15 man outside of their marriage, that Plaintiff traveled with the children to meet men
16 for one-night sexual encounters, and that Plaintiff was planning to and actually
17 attempting to abduct her own children and transport them to France. After hearing
18 Defendant's false and malicious lies, Mr. Venverloh cut off all contact with Plaintiff
19 and made the decision not to work with Plaintiff and withdrew his offer of
20 investment. Such conduct constitutes intentional interference with prospective
21 economic advantage.
22       Further, prior to filing for divorce in January of 2020, and unbeknownst to
23 Plaintiff, Defendant began tracking Plaintiff's phone, accessing her electronic
24 communications and social media, taking screenshots of her text messages, and
25 taking photographs of her diaries. Such conduct constitutes an invasion of Plaintiff's
26 privacy rights.
27
28

## Defendant's Position

This baseless action is brought as a bad-faith response after the California family court handling the parties' divorce proceedings awarded sole physical custody of the parties' two young children to Defendant Lieutenant Colonel David Dixon ("LtCol Dixon"), United States Marine Corps. Plaintiff, despite purportedly learning of these defamatory statements in September 2020, tellingly brought this action only after the family court permitted LtCol Dixon to move across the country with the parties' children in accordance with military orders.

LtCol Dixon is an active-duty Marine Officer and the author of a best-selling children's book about the United States Marine Corps, Goodnight Marines. He is an Iraq War veteran, has received military awards for heroism, and holds a Top Secret / Sensitive Compartmentalized Information security clearance – one of the highest clearances available. He has held and continues to hold positions of trust in the United States Government, including after Plaintiff's allegations of abuse were investigated and found to be unsubstantiated.

The parties met in church in 2011, married in 2012, and appeared to have a happy marriage until 2020. Indeed, Plaintiff's blog boasted of the parties' engagement, wedding, and marriage, and contained numerous photos showing the parties in happier times. However, by and around late 2019, Plaintiff was having an – at least emotional - affair with her former college classmate, a man named Louis Agon, the son of the CEO of L'Oreal Cosmetics. Further, Plaintiff planned (1) to relocate to France with the parties' minor children to be with her paramour and (2) to make false domestic violence allegations against LtCol Dixon to gain a California Family Code Section 3044 advantage in their custody proceedings.

After LtCol Dixon discovered Plaintiff's affair and plans, he filed for divorce in January 2020. His filing noted that Plaintiff planned to file false domestic violence allegations. Only then did Plaintiff make her first allegations of abuse –

which were completely contrary to her blog boasts of how great LtCol Dixon had been as a husband and father.

 Numerous civilian and military entities, including but not limited to the San Bernardino County Sheriff's Department, San Bernardino County District Attorney, Naval Criminal Investigative Services, Child Protective Services, and the Inspector General of the Marine Corps, investigated Plaintiff's allegations and found them to be unfounded, baseless, and/or brought in bad faith. In the trial regarding custody of the parties' children, the family court heard Plaintiff's testimony regarding her allegations of abuse and held that the events described were not domestic violence. Moreover, in an acknowledgment of Plaintiff's numerous baseless allegations, the family court, in its ruling awarding physical custody to LtCol Dixon, expressed concern that "[Plaintiff] will frustrate David's relationship with the children and use the California jurisdiction to a tactical advantage forcing David to travel across the country to face what may against be baseless accusations."

 That is the case here. Just as Plaintiff made baseless domestic violence allegations against LtCol Dixon after he filed for divorce, Plaintiff now makes similarly baseless claims for relief here after LtCol Dixon won physical custody of the parties' children.

 Plaintiff's claim for relief for defamation will fail because of the defense of substantial truth and/or LtCol Dixon was not negligent in making the statements alleged by Plaintiff.

 Plaintiff's claim for relief for intentional interference with her business relations will fail because (1) Mr. Jon Venverloh never planned to invest significant sums of money into Plaintiff's business and (2) given the substantial truth of LtCol Dixon's statements, which form the basis for both the alleged defamation and alleged interference, Plaintiff cannot prove an independently wrongful act as required for this claim for relief.

Plaintiff's claim for relief for a common law invasion of Plaintiff's privacy rights is also baseless as she lacked a reasonable expectation of privacy, given the parties' marriage, and LtCol Dixon's actions were justified.

## V.  A Description of the Relief Sought and the Damages Claimed

For each Claim for Relief, Plaintiff seeks "Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $500,000" and punitive damages.

## VI.  The Status of Discovery and Any Limits or Cutoff Dates

The Discovery Cut-Off Date is May 18, 2022 and the Motion Cut-Off Date is June 1, 2022.

The parties exchanged initial disclosures and noticed depositions but have entered settlement negotiations and agreed to continue the depositions to permit those settlement negotiations to continue.

Defendant has propounded an outstanding request for production of documents to Plaintiff.

## VII.  Procedural History of the Case

Plaintiff filed her Complaint on September 9, 2021 in the Superior Court of the State of California, County of Los Angeles, Central District.

Defendant removed this case on October 18 on the basis of diversity jurisdiction.

The parties appeared at a scheduling conference on January 3, 2022.

The parties are scheduled for mediation on May 20, 2022 pursuant to the Court's ADR program.

## VIII.  Pending Deadlines

The Discovery Cut-Off Date is May 18, 2022.

The Motion Cut-Off Date, including for dispositive motions, is June 1, 2022.

**IX.  Requested Modification of Deadlines**

The parties respectfully request that the Discovery Cut-Off Date be continued to September 15, 2022 and the Motion Cut-Off Date be Continued to October 1, 2022.

**X.  Whether the Parties Will Consent to a Magistrate Judge for Trial**

No.

**XI.  Any Immediate Need for a Case Management Conference**

No.

**XII.  Statement of Any Immediate Relief Sought Regarding the Case Schedule**

The parties respectfully request that the Discovery Cut-Off Date be continued to September 15, 2022 and the Motion Cut-Off Date be Continued to October 1, 2022. This will permit the parties to continue settlement talks without filing dispositive motions which will require needless resources and may derail the upcoming mediation and currently pending settlement talks.

Dated:  May 5, 2022                         LAVELY & SINGER, P.C.
                                            ANDREW B. BRETTLER
                                            JAKE A. CAMARA

                                            By:  */s/ Jake A. Camara*
                                                 JAKE A. CAMARA
                                            Attorneys for Plaintiff JACLYN
                                            MARIA STARLING DIXON.

Dated:  May 5, 2022                         KING & SPALDING, LLP
                                            CHRISTOPHER C. JEW

                                            By:  */s/ Christopher C. Jew*
                                                 CHRISTOPHER C. JEW
                                            Attorneys for Defendant
                                            DAVID RAYMOND DIXON, JR.